IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-643-RJC-DCK

| | |
|---|---|
| SENSORRX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | AND ORDER |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Eli Lilly's Motion To Dismiss SensorRx's Amended Complaint" (Document No. 45) and "Lilly's Motion To Require SensorRx To Identify Its Confidential Information And To Sequence Discovery, Including Third Party Subpoenas" (Document No. 46). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion to dismiss be <u>denied</u> without prejudice and will order that the motion to sequence discovery be <u>denied</u>.

### I. BACKGROUND

Plaintiff SensorRx, Inc. ("Plaintiff" or "SensorRx") initiated this action with the filing of a "Complaint" (Document No. 1) in this Court on November 22, 2019. The Complaint describes SensorRx's development of "a physician-recommended migraine management system," using "a software program called MigrnX that assists migraine sufferers with the tracking and treatment of migraines using their cell phones." (Document No. 1, p. 1). Plaintiff alleges that in or about the fall of 2018, it engaged in negotiations with Eli Lilly And Company ("Defendant" or "Lilly") "to

enter into a business relationship with Eli Lilly related to MigrnX." (Document No. 1, pp. 1-2). Plaintiff contends that during that same time period Defendant was developing its own "mobile phone application called Vega Migraine that would compete with MigrnX." Id.

On November 13, 2019, Defendant Lilly had filed a "Complaint" against SensorRx in the United States District Court for the Southern District of Indiana, seeking declaratory judgments related to alleged trade secret misappropriation and breach of contract. That action was later transferred to this Court on June 19, 2020. See Eli Lilly And Company v. SensorRx, 3:20-CV-351-RJC-DCK (the "'351 action").

On July 20, 2020, Plaintiff SensorRx file an "Amended Complaint" (Document No. 36). In the Amended Complaint (the "Complaint"), Plaintiff alleges that "Eli Lilly's theft of the primary features and strategies of MigrnX migraine management system will effectively force SensorRx from the marketplace." (Document No. 36, p. 27). The Complaint asserts causes of action for: (1) Unfair and Deceptive Practices in Violation of N.C. Gen. Stat. § 75-1.1 *et seq.*; (2) Fraud/Fraudulent Concealment; (3) Fraudulent Inducement; and (4) Unjust Enrichment. (Document No. 36, pp. 27-32). Plaintiff seeks damages and "preliminary and permanent injunctive relief against Eli Lilly prohibiting Eli Lilly from further using SensorRx's confidential information, including but not limited to injunctive relief requiring Eli Lilly to remove Vega Migraine from the Apple AppStore; prohibiting Eli Lilly from allowing any more patients to use Vega Migraine apart from those who already have accounts; and prohibiting Eli Lilly from marketing Vega Migraine to hospitals and healthcare providers." (Document No. 36, p. 32).

On August 20, 2020, the Honorable Robert J. Conrad, Jr. dismissed the '351 action noting that it was an "improper anticipatory declaratory judgment complaint." (Document No. 44, pp. 3-4). Judge Conrad directed that "any and all discovery conducted by the parties in the Indiana

2

action will be deemed to have also been conducted in this action, Case No. 3:19-cv-00643-RJC-DCK." (Document No. 44, p. 4). The parties were ordered to "continue conducting discovery." Id.

Soon after Judge Conrad dismissed the '351 action, Defendant Eli Lilly filed its pending "…Motion To Dismiss SensorRx's Amended Complaint" (Document No. 45) and "… Motion To Require SensorRx To Identify Its Confidential Information And To Sequence Discovery, Including Third Party Subpoenas" (Document No. 46). Defendant seeks the dismissal of this case in its entirety pursuant to Fed.R.Civ.P. 12(b)(6) *and* requests that the Court "sequence discovery" so that Plaintiff is required to make disclosures about its alleged confidential information before Defendant provides its responses to certain discovery requests. (Document Nos. 45 and 46). The pending motions have now been fully briefed and are ripe for review.

## II. STANDARDS OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

3

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

### III. DISCUSSION

**A. Motion to Dismiss**

The crux of Defendant Eli Lilly's motion to dismiss is that all the claims in the Complaint are preempted by Indiana's Uniform Trade Secret Act ("UTSA") and barred by the parties' contract. (Document No. 45, p. 1). Defendant contends that the "Indiana UTSA preempts 'all free-standing alternative causes of action' for misappropriation of trade secrets, as well as all claims for misappropriation of 'confidential, proprietary, or otherwise secret information falling short of trade secret status.'" Id. (quoting HDNet LLC v. N. Am. Boxing Council, 972 N.E. 2d 920, 924-25 (Ind.Ct.App. 2012)).

Defendant further contends that Plaintiff's claims should be dismissed because the alleged misuse of confidential information could have been pursued through a breach of contract claim. (Document No. 45, p. 2). Finally, Defendant asserts that "SensorRx cannot pursue an unfair and deceptive trade practices claim against Lilly because Indiana law governs the merits of this claim, and Indiana law does not recognize the cause of action." [1] Id.

---

[1] The undersigned observes that Defendant argues that Indiana law should be applied to Plaintiff's allegations, and that Indiana law and the parties' "Mutual Confidentiality Agreement" (Document No. 45-2) bar Plaintiff's claims; however, the "…Confidentiality Agreement" states that it "shall be governed by and construed in accordance with the laws of the State of Delaware." (Document No. 45-2, p. 4). Neither party's briefing seems to address the choice-of-law provision in their Agreement.

Defendant notes that "[f]ederal courts sitting in diversity apply the forum state's choice-of-law rules to determine which state's law applies to a cause of action." (Document No. 45-1, p. 14) (quoting Small v. WellDyne, Inc., 927 F.3d 169, 173 n.3 (4th Cir. 2019)). According to Defendant, North Carolina's choice-of-law rules "select the law of the state 'where the tortious act of misappropriation and use of trade secret occurred.'" (Document No. 45-1, pp. 14-15) (quoting Domtar AI Inc. v. J.D. Irving, Ltd., 43 F.Supp.3d 635, 641 (E.D.N.C. 2014)). Defendant acknowledges that Plaintiff is not pursuing a trade secret claim, but states that "does not change the analysis." (Document No. 45-1). Defendant argues that the alleged misappropriation or misuse of Plaintiff's confidential and proprietary information occurred in Indiana. (Document No. 45-1, p. 16).

In response, Plaintiff asserts that "North Carolina law applies to all of SensorRx's claims against Lilly." (Document No. 64). The parties agree that the choice-of-law rules of the forum state are to be applied, but disagree on the result of that application. See (Document No. 45-1, p. 14 and Document No. 64, p. 19). Plaintiff contends that SensorRx, a Charlotte, North Carolina based company, suffered its injuries in North Carolina, and therefore, "North Carolina procedural and substantive laws apply." Plaintiff states that

> Under the *lex loci* test, "the substantive law of the state where the injury or harm was sustained or suffered, which is, ordinarily, the state where the last event necessary to make the actor liable or the last event required to constitute the tort takes place, applies." *Software Pricing Partners, LLC v. Geisman*, 2020 WL 3249984, at *9 (W.D.N.C. June 16, 2020) (citing *SciGrip, Inc. v. Osae*, 838 S.E.2d at 343) (internal quotation marks omitted). "The last act differs depending on the alleged tort." *P & L Dev., LLC v. Bionpharma, Inc.*, 367 F. Supp. 3d 421, 428–29 (M.D.N.C. 2019).

(Document No. 64, p. 20).

Regarding its alleged injuries, Plaintiff contends

6

> there is no doubt that the suffering of damages by SensorRx was and is in North Carolina. SensorRx's principal place of business is Charlotte, North Carolina. (ECF No. 36, ¶ 11.) As outlined in its Amended Complaint ("FAC"), Lilly's conduct injured and continues to injure the goodwill and business of SensorRx, (FAC ¶ 125.) which is in North Carolina. Further, SensorRx's main healthcare relationships (although not expressly detailed in the First Amended Complaint), both existing and prospective, were in North Carolina. (FAC ¶ 104). The "Hospital Code" discussed in the First Amended Complaint and ultimately improperly used by Lilly was for a hospital in North Carolina (FAC ¶ 105) where SensorRx was working to expand its user base. The negotiation process and delay by Lilly through the due diligence process precluded SensorRx from raising additional capital or partnering with hospital systems, all of which injured SensorRx in North Carolina. (FAC ¶¶ 73, 78). Consequently, North Carolina law applies to SensorRx's claim for unfair and deceptive trade practices.

(Document No. 64, p. 21). Likewise, Plaintiff contends that North Carolina law applies to its fraud and unjust enrichment claims. (Document No. 64, pp. 21-23).

Plaintiff also points the Court to a prior decision that is instructive here. See (Document No. 64, p. 21) (citing Movement Mortg., LLC v. McDonald, 3:17-CV-716-RJC-DSC, 2018 WL 6733953 (W.D.N.C. Nov. 6, 2018). The Honorable David S. Cayer's analysis in the Movement Mortgage case, later adopted by Judge Conrad, is worth consideration here:

> A choice of law inquiry may be very fact intensive and more appropriately undertaken after the record is sufficiently developed. Terry v. Swift Transportation, No. 1:16cv256, 2017 WL 1013074, at *7 (M.D.N.C. March 14, 2017)(citing Graboff v. The Collern Firm, Civ. Action No. 10–1710, 2010 WL 4456923, at *8 (E.D. Pa. Nov. 8, 2010) (explaining that, "[d]ue to the complexity of this analysis, when confronted with a choice of law issue at the motion to dismiss stage, courts ... have concluded that it is more appropriate to address the issue at a later stage in the proceedings," and that, "[h]ere, a choice of law analysis is premature because the record lacks necessary facts for the [c]ourt to conduct the fact-intensive, context-specific analysis required." See also Beritelli v. Wells Fargo Bank, N.A., No. 1:11-CV-000179-MR, 2013 WL 5460179, at *13 (W.D.N.C. Sept. 30, 2013) ("[T]he Court cannot make a determination of the choice of law issue at this time.... The parties may revisit the choice of law issue at the summary judgment stage,

7

at which time the Court will be in a better position to determine which state law is applicable."); Clean Earth of Md., Inc. v. Total Safety, Inc., No. 2:10–cv–119, 2011 WL 1627995, at *4 (N.D.W.Va. Apr. 28, 2011) ("Importantly, a court is typically in a better position to decide a choice of law issue after the parties have developed the factual evidence through the process of discovery." (collecting cases))).

Movement Mortg., LLC v. McDonald, 3:17-CV-716-RJC-DSC, 2018 WL 6733953, at *3 (W.D.N.C. Nov. 6, 2018) adopted by 2019 WL 452773 (W.D.N.C. Feb. 5, 2019).

Next, Plaintiff argues that the Indiana UTSA does not preempt its claims. (Document No. 64, pp. 23-25). Plaintiff argues that its claims cannot be preempted by "an out-of-state statute relating to claims that SensorRx is not asserting." (Document No. 64, p. 23). Moreover, Plaintiff argues that the "Mutual Confidentiality Agreement" does not bar its claims. (Document No. 64, p. 25). Plaintiff asserts that its claims are authorized under North Carolina law, and specifically, that the fraud claims are "distinct" from the parties' "…Confidentiality Agreement." (Document No. 64, p. 26) (citations omitted). Plaintiff further argues that its unjust enrichment and unfair and deceptive trade practice claims should also survive. (Document No. 64, pp. 29-30).

In reply, Defendant Lilly contends that Plaintiff's reliance on "principal place of business" and/or place of economic impact argument fails because the alleged misappropriation underlying this lawsuit occurred in Indiana. (Document No. 68, pp. 3-4). Defendant asserts that the "last act giving rise to" the claims here was in Indiana, and therefore, Indiana law should be applied to this case. (Document No. 68, pp. 4, 11).

The undersigned finds Plaintiff's arguments against dismissal to be most compelling. Moreover, as noted in the Movement Mortgage case, decisions related to questions of choice-of-law are sometimes better decided after discovery is completed. As such, the undersigned will recommend that "Eli Lilly's Motion To Dismiss SensorRx's Amended Complaint" (Document

8

No. 45) be denied, without prejudice to Defendant re-asserting its arguments in a later dispositive motion after the completion of discovery, if appropriate.

**B. Motion to Identify Confidential Information and Sequence Discovery**

Defendant's second pending motion seeks "a protective order to sequence discovery such that SensorRx must identify the alleged confidential information that it contends was disclosed to Lilly before Lilly or Lilly consultants provide discovery relating to Lilly's Vega Migraine smart-phone application, and that SensorRx may supplement its disclosure only for good cause shown." (Document No. 46, p. 1). According to Defendant Lilly, Plaintiff SensorRx has "refused to identify the alleged confidential information at issue." (Document No. 46-1, p. 1).

Defendant notes that it objected to discovery requests from Plaintiff beginning in May 2020. (Document No. 46-1, p. 5). It was purportedly then that Defendant requested that the parties sequence discovery so that neither Lilly nor its consultants would be required to produce information about the Vega Migraine phone application until after SensorRx identified the alleged trade secrets it shared with Lilly. Id.

In opposition, SensorRx contends that Lilly is stalling discovery "to avoid responding to discovery requests that go to the heart of this litigation until after SensorRx produces information that Lilly **has never requested in discovery**." (Document No. 59, p. 1). Plaintiff construes Defendant's position as requiring "SensorRx to identify every piece of confidential information that its officers, employees, or anyone else . . . provided to Lilly orally or in writing *regardless whether SensorRx contends that information was misused*." (Document No. 59, p. 2) (emphasis added). Plaintiff goes on to explain that "Lilly has served discovery requests that seek identification of what trade secrets and/or confidential information SensorRx believes Lilly misappropriated and misused, and SensorRx has provided extensive responses to those requests"

9

– "Lilly does not challenge those responses as insufficient." (Document No. 59, p. 2). SensorRx argues that Lilly is now seeking "an entirely new universe of information." Id.

Plaintiff notes that following the Court's entry of the "Protective Order" (Document No. 41) on July 28, 2020, it supplemented its discovery responses to include

> 10 ½ pages of identification of trade secrets and confidential information that SensorRx contended had been misappropriated or misused as requested in Lilly's first and fourth interrogatories, as well as detailed information in response to interrogatories two through four about why the trade secrets qualified as trade secrets, the grounds for SensorRx's claim that the confidential information was in fact confidential, and the facts showing that Lilly had misappropriated and misused the trade secrets and confidential information.

(Document No. 59, pp. 6-7) (citing Exhibit F, Document No. 60). According to Plaintiff, Defendant now expects it "to identify all *confidential information* that SensorRx disclosed to Lilly" regardless of whether it claims such information was misappropriated or misused. (Document No. 59, p. 7).

Plaintiff, noting there has been no formal discovery requests for the information Defendant now seeks, surmises that Defendant is seeking a "recount of every verbal conversation that SensorRx officers, employees, advisors, and representatives had with Lilly and tell Lilly which words were confidential." (Document No. 59, p. 9). Plaintiff argues that it is "undisputed" that it has "identified all trade secrets and confidential information that it believes may have been misappropriated by Lilly" and "produced all documents that it originally provided to Lilly, marking those documents that are confidential." (Document No. 59, p. 10).

In reply, Defendant repeatedly states that "Lilly is not asking SensorRx to identify information that is not at issue; Lilly only asks the Court to require SensorRx to identify the alleged confidential information that is at issue in this case." (Document No. 63), p. 2). Defendant

10

then acknowledges that "SensorRx now represents for the first time that it already identified all of the confidential information at issue a few weeks ago in its supplemental responses to Lilly's discovery requests." (Document No. 63, p. 2).

Defendant seems to seek, for the first time, to compel Plaintiff "to provide, within thirty days, a list of the confidential information at issue in this litigation." (Document No. 63, p. 6). It does not appear that Defendant has, to date, made a discovery request for such a list. Defendant also seeks to preclude Plaintiff from later "supplementing or amending the confidential information at issue absent leave of the Court and good cause shown." (Document No. 63, p. 3).

The undersigned is persuaded that Plaintiff SensorRx has provided adequate responses to the relevant information requested by Defendant Lilly. See (Document Nos. 59 and 60). Moreover, as noted by Plaintiff, Defendant does not actually allege that Plaintiff's discovery responses have been insufficient, See (Document No. 63).

Based on the foregoing, the undersigned will respectfully deny Defendant's motion and decline to require Plaintiff to identify additional "confidential information," or a list of confidential information, or to sequence discovery. In addition, the undersigned will decline to restrict Plaintiff from supplementing its discovery responses at a later date, if appropriate.

The parties (including properly subpoenaed third parties) shall proceed immediately and in good faith to continue discovery in this matter. Failure by the parties, and/or their counsel, to abide by the Orders of this Court, the Local Rules, and the Federal Rules of Civil Procedure may result in sanctions. See (Document No. 71, p. 11).

11

## IV. RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Eli Lilly's Motion To Dismiss SensorRx's Amended Complaint" (Document No. 45) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that "Lilly's Motion To Require SensorRx To Identify Its Confidential Information And To Sequence Discovery, Including Third Party Subpoenas" (Document No. 46) is **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**SO RECOMMENDED AND ORDERED**.

Signed: December 15, 2020

David C. Keesler
United States Magistrate Judge