UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **SENSORRX, INC.,** <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> **ELI LILLY AND COMPANY,** <br><br> Defendant and Counter-Claimant. | Civil Action No. 3:19-cv-00643-RJC-DCK |

# AGREED ORDER
## GOVERNING THE TAKING OF REMOTE DEPOSITIONS

WHEREAS, because of the ongoing pandemic, good cause exists for Remote Depositions to occur in this Litigation pursuant to the Federal Rules of Civil Procedure, including Rule 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."), Rule 29 (parties may stipulate to discovery procedures), and Rule 30(b)(4) ("The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."),

WHEREAS, this Litigation implicates significant amounts of competitively sensitive information, Confidential Health Information, and Protected Health Information, as those terms are defined the parties' Stipulated Protective Order (Dkt. 41),

WHEREAS, this Agreed Order Governing the Taking of Remote Depositions (the "Order") will govern the taking of Remote Depositions in the above-captioned case and shall

1

supplement the Federal Rules of Civil Procedure, this Court's Local Rules, and any prior Orders entered in this case, including the Stipulated Protective Order (Dkt. 41), and

WHEREAS, the Parties have agreed to stipulate, by and through their undersigned counsel and subject to Court approval, to the following terms governing the taking of Remote Depositions in this Litigation:

## I. DEFINITIONS

1. "Litigation" refers to *SensorRx, Inc. v. Eli Lilly and Company*, No. 3:19-cv-00643-RJC-DCK (W.D.N.C.).

2. "Witness" means the individual who gives sworn testimony on the record during a Remote Deposition.

3. "Party" or "Parties" shall mean a Party or the Parties to the Litigation, any employee of such Party, any retained experts of such Party, and any external counsel, including their paralegals and assistants, for such Party.

4. "Non-Party" shall mean all natural or legal persons that are neither Parties nor persons retained by any of the Parties or the Parties' counsel and from whom a Party is seeking testimony at a deposition in this Litigation.

5. "Deposing Counsel" means counsel for the Party that noticed or subpoenaed the Remote Deposition of a Witness and who will depose the Witness.

6. "Defending Counsel" means counsel of a Party or Non-Party who will defend a Remote Deposition pursuant to this Order. In the event a Non-Party Witness does not have counsel, then "Defending Counsel" shall mean the Witness himself or herself.

7. "Vendor" refers to Veritext Legal Solutions, or such other remote deposition

2

vendor that satisfies the security requirements set forth in this order and is agreed to by the Parties.

8. "Court Reporter" shall mean a certified shorthand reporter, authorized to administer oaths and practice shorthand reporting in any state, who is retained by a Party taking a Remote Deposition pursuant to this Order to transcribe via stenographic means the Remote Deposition taken pursuant to this Order.

9. "Videographer" shall mean the individual designated by the Vendor to record the Remote Deposition by videographic means.

10. "Document" shall have the broadest possible meaning consistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

11. "Confidential Health Information," "Protected Health Information," and "Competitive" Information shall have the same meaning as in the parties' Stipulated Protective Order (Dkt. 41). For the avoidance of doubt, Competitive Information includes, but is not limited to, information related to the parties' respective mobile health applications in this Litigation.

12. "Exhibit" shall mean any Document or ESI that is marked as an Exhibit at a Remote Deposition.

13. "Remote Deposition" means any deposition by oral examination conducted pursuant to this Order, the Federal Rules, this Court's Local Rules, and the Parties' Discovery Plan (Dkt. 71). For the avoidance of doubt, a Remote Deposition shall mean a deposition in which the Witness is not in the same room as any other person, including Deposing Counsel or Defending Counsel, while the Remote Deposition takes place.

14. "In-Person" means any deposition by oral examination conducted pursuant to the Federal Rules, this Court's Local Rules, and the Parties' Discovery Plan where the Deposing Counsel and the Witness are physically located in the same room.

3

## II. GUIDELINES AND SCOPE

1. All depositions in this case will be Remote Depositions, unless the Parties otherwise agree. The parties agree that no In-Person depositions should proceed unless all Parties consent. Nothing in this order prevents any Party from meeting and conferring with the other Party about potential In-Person depositions. This Order shall not apply to any depositions taken In-Person. Nothing in this Order prevents a Party from seeking relief from the Court to enforce compliance with this Order or seeking any other relief with respect to depositions.

2. Except as provided for in this Order, the Parties hereby expressly waive all objections to any Remote Deposition based on the fact that the deposition was taken pursuant to this Order and/or by remote means.

3. Any Party may notice a Remote Deposition by stating its intention to take a deposition by remote means in an original or amended notice or subpoena of a person for deposition by oral examination as provided by Federal Rule of Civil Procedure 30.

4. This Order also applies to all Non-Party Remote Depositions and will be provided by the noticing counsel to the Non-Party. The Party noticing the deposition or the Vendor must provide the Witness and all other attendees with detailed instructions regarding how to participate in the Remote Deposition at least three (3) business days before the deposition—and will use best efforts to provide the detailed instructions at least five (5) business days before the deposition.

5. Notwithstanding anything to the contrary in this Order, the Parties agree to meet and confer in good faith to resolve any issues that arise with respect to the Order and to reach agreement concerning any proposed modifications to this Order for any Remote Deposition that takes place in the Litigation.

6. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

A. **Remote Deposition Vendor, platform and presentation software**

1. The Parties agree that the Vendor will host and record the Remote Deposition.

2. Confidentiality/Security. To ensure the confidentiality of the Remote Deposition and any Exhibits: (i) only those persons who are permitted pursuant to the Protective Order shall participate in, listen to, or view the deposition or exhibits; (ii) all participants must be able to participate through a secure audio/video conferencing platform that, at a minimum, provides verifiable end-to-end encryption, requires unique user-identity authentication, and employs a vendor-moderated "green room" or "lobby" feature; and (iii) participants must receive and maintain any exhibits securely. The noticing Party and/or Vendor must ensure that only registered participants are sent a link to join the deposition; no link should be posted on a website or otherwise made publicly available. The deposition conference password shall be provided in a separate e-mail communication from the e-mail communication providing the platform link. All participants who connect to the audio/video platform must connect through a private, password protected network. Connection through a public Wi-Fi network is not permitted.

3. Any Documents marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. 41) that Deposing or Defending Counsel wishes to use during the Remote Deposition may only be shown to a Witness in conformance with the Stipulated Protective Order.

4. Platform Selection. Any platform must allow for the Court Reporter to accurately record, and for all participating attorneys and the Court Reporter to hear and see the witness, all counsel, and all others connected. The Parties shall work together to ensure that technical and

5

other information concerning the security of any proposed platform and presentation software is available to all at least ten (10) business days before the Remote Deposition so that their IT and security advisors can review and verify that it meets the security requirements of the party. The Parties shall also promptly confirm with the Witness that the Witness is able to utilize the platform and presentation software selected.

5. The parties agree to use the Vendor's platform. In the event an alternative platform is required, the following platforms are explicitly permitted for Remote Depositions taken pursuant to this Order: GoToMeeting, Microsoft Teams, and Zoom – Enterprise License. The following platforms are not permitted to be used under this Order: Facetime, Google Hangouts, Houseparty, LiveLitigation, or Zoom without an Enterprise License.

6. Other platforms may be permitted subject to IT and security review, but at a minimum must meet all of the following requirements: (i) the conference must be password protected; (ii) only authorized people can participate or have access to the conference and the platform must verify attendance; (iii) only registered attendees should be sent a link to join the conference; (iv) a link to the conference should not be posted on a website or otherwise made publicly available; (v) all materials shared are transferred to an authorized location and subsequently deleted within 7 days of the conclusion of the deposition; (vi) that materials shared are not archived; (vii) provide for notification by the Vendor of such deletion for each end user; (viii) firewalls must be in place; (ix) all data services used for storage must be located in the United States; and (x) all Exhibits and Documents must be fully encrypted (*e.g.*, AWS) at rest and in transit, including while stored, accessed, or otherwise handled by Vendor engaged to facilitate any Remote Deposition.

7. The Parties shall work together to ensure that technical and other information concerning the security of the platform and the presentation software, is available to all Parties at least ten (10) business days before the first Remote Deposition in the Litigation so that each Party can review and verify that the platform and presentation software meets the security requirements of each Party. The Parties shall also promptly confirm with each Witness that the Witness is able to utilize the platform selected.

8. A deposition shall not go forward using a platform and/or presentation software to which a Party has made a good faith objection, and the Parties shall meet and confer promptly in an attempt to resolve the issue.

9. The platform shall be configured such that any private chat feature is disabled. Breakout room features may be enabled only for breaks and recesses off the record. Breakout rooms must be secure and may be not be recorded.

10. To preserve confidentiality of Documents, including Documents subject to the parties' Stipulated Protective Order (Dkt. 41), any platform must be configured to disable any download function for the Witness.

11. Presentation Software. In addition, to preserve confidentiality of documents, any presentation software must be configured to disable any download function for the Witness. AgileLaw and Exhibit Share are explicitly permitted. Any presentation software must ensure that (i) all materials shared are deleted within seven (7) days of the conclusion of the deposition; (ii) that materials shared are not archived; (iii) provide for notification by the vendor of such deletion for each end user; (iv) firewalls must be in place; (v) all data services used for storage must be located in the United States; and (vi) all Documents and Exhibits must be fully encrypted at rest and in transit (*e.g.*, AWS) through to the end user destination, including full encryption by the

7

Videographer, the Court Reporter, and all persons present at the Remote Deposition. Exhibits shared electronically may only be shared with former employees and Non-Parties through the presentation software via a hyperlink to file sharing software (to be agreed upon in advance) with the download function disabled for the Witness, provided these deponents sign Exhibit A to the Stipulated Protective Order (Dkt. 41) before being shown any confidential Documents.

12. <u>Testing of platform.</u> At least 24 hours before the Remote Deposition is scheduled to start, Parties' counsel and the Vendor are encouraged to conduct a test of the system, equipment, and internet connection that will be used to conduct the Remote Deposition. If a Witness noticed for a Remote Deposition does not have a webcam-equipped tablet, desktop, laptop, appropriate Wi-Fi strength or technology that can be used during the deposition, either (i) for a Witness of either Party, that Witness' counsel must provide the deponent with agreed-upon equipment needed to participate in the Remote Deposition, or (ii) for a Non-Party witness, the noticing Party's counsel must provide the deponent with agreed-upon equipment needed to participate in the deposition. The Witness must receive such equipment at least forty-eight (48) hours before the deposition.

**B.     Remote Deposition Responsibilities**

1. The Witness will be responsible for having adequate, functioning and sufficient technology to participate in the deposition (adequate internet connectivity, webcam, microphone, computer with ability for split screen, etc.). The Party defending the Witness shall coordinate with the Witness and the Vendor in advance of the deposition to ensure the technology is sufficient and functional.

2. All Remote Depositions shall be conducted during normal business hours within the Witness's local time zone, unless otherwise agreed to by the Parties or any applicable Non-

Party. The Parties are expected to grant reasonable accommodations on scheduling and timing of depositions. Similarly, where the Witness has restrictions on the length of time he or she may sit for a Remote Deposition, Defending Counsel shall notify Deposing Counsel in advance so that the Parties may confer on a schedule to complete the deposition. Any disputes regarding the length of time needed for a deposition or deposition scheduling shall be resolved by the Court if the parties cannot reach resolution.

3. At the time of the Remote Deposition, the Witness must advise the Court Reporter of his or her physical location and confirm there are no other persons present at his or her physical location.

4. The Court recognizes that the microphones for certain attendees (such as the Witness, the Court Reporter, Deposing Counsel and Defending Counsel) must remain on when the deposition is on the record. Other attendees should mute their microphones when not speaking. The platform must show in real-time a list of all persons attending the Remote Deposition.

5. The Witness is not permitted to utilize any communicative device (desktop, laptop, iPad, cell phone, tablet, *etc.*) during the time of deposition for any purpose other than responding to deposition questions, interacting with the Court Reporter or Deposing Counsel, or viewing Exhibits displayed or shared electronically.

6. A Videographer employed by the Vendor will record the Witness's deposition testimony, by the best technological means available to the Vendor, including remote video capture/recording if the Party issuing the deposition notice so requests.

7. No one may take photographs, screenshots or otherwise record the Remote Deposition by video or audio means other than the Court Reporter or Videographer without the express written consent of all Parties and the Witness. The Videographer must only record (i) the

9

audio and video of the Witness's testimony; (ii) the video of any Documents and/or Exhibits being displayed or annotated for the Witness during the deposition; and (iii) the audio of the Deposing Counsel and Defending Counsel.

8. The fact that a deposition was conducted remotely, and was recorded remotely by the Videographer employed by Vendor is not a sufficient basis for preventing the Remote Deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

9. To the extent that any communication by counsel for any Party, Non-Party, or Witness (whether verbal, written or otherwise) is inadvertently transmitted through electronic or other means, nothing herein shall deem such communication to be a waiver of any otherwise applicable privilege, including attorney-client communication, the work product doctrine, or confidentiality.

C. **Disconnection**

1. Once the deposition begins, if Deposing or Defending Counsel for either Party (or Defending Counsel for a Non-Party) becomes disconnected from the deposition, either audio, video, or both, that fact shall be noted on the record as soon as the Parties become aware, and the deposition must immediately be suspended until that attorney has rejoined and has full access to both audio and video. The suspended time for any technological disruption will not count against the hour time limitations set forth in the Federal Rules of Civil Procedure.

2. Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connection, will not result in waiver of objections by any Party. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties shall meet and confer to

10

consider extending the remote deposition by an amount of time equal to the duration of the pause, lag, and/or disruption or rescheduling the deposition for a later date.

3. The Court Reporter will provide a telephone number for use by the attendees to inform the Court Reporter if Deposing Counsel or Defending Counsel becomes disconnected or is otherwise experiencing technical difficulties. Any portion of the deposition that has been transcribed while Deposing Counsel or Defending Counsel is absent or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty and that attorney must be given an opportunity to object to any questions or answers that occurred in his or her absence.

**D. Exhibits to be Used During Deposition**

1. There should be no unrecorded or unnoted conversations, either orally or through electronic communications, including instant messaging, chat, email, or text messaging, between the Witness and any counsel (including the Defending Counsel) during a Remote Deposition while the Witness is on the record, and Deposing Counsel may ask the Witness and his/her Defending Counsel to certify, on the record, that no such communication or conversation has taken place. However, the Witness's counsel may communicate with the Witness telephonically or by other electronic means during breaks. The Witness shall answer reasonable questions regarding whether any communications are being made off the record while not on a break, subject to any applicable privilege including attorney-client communication, the work product doctrine, or confidentiality.

SO ORDERED.

_____
U.S. Magistrate Judge