# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:19-CV-643-RJC-DCK

| | |
|---|---|
| **SENSORRX, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| **ELI LILLY AND COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion To Seal Exhibits Filed With Respect To Summary Judgment Briefing" (Document No. 138) filed March 10, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule ("LCvR") 6.1 provides in relevant part as follows:

> **LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)**   *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)**   *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)**   *Motion to Seal or Otherwise Restrict Public Access*. A

party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1. It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been adequately met.

By the instant motion, the parties seek "to seal Exhibit RR to Lilly's Motion for Summary Judgment ('the Howell Report,' Dkt. 96-45) and Exhibit 148 to SensorRx's Response in Opposition to Lilly's Motion for Summary Judgment ('August 2019 Lilly Presentation,' Dkt. 115-37)." (Document No. 138, p. 1). The parties contend that these documents should be sealed because both documents "reveal confidential, sensitive, and proprietary business information that could pose substantial harm to SensorRx or Lilly if publicly disclosed. If filed publicly, this information could give competitors an unfair advantage over Lilly or SensorRx in the marketplace." Id. at p. 3.

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule

6.1(e).

**IT IS, THEREFORE, ORDERED** that the "Joint Motion To Seal Exhibits Filed With Respect To Summary Judgment Briefing" (Document No. 138) is **GRANTED**. Document Nos. 96-45 and 115-37 shall remain under **SEAL** until otherwise ordered by this Court.

**SO ORDERED**.

Signed: March 11, 2022

David C. Keesler
United States Magistrate Judge